UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS TROY REUM,

                Petitioner,

     v.

STATE OF WASHINGTON,

                Respondent.

Case No. C23-5161-DGE-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254. Though somewhat confusing, it appears Petitioner Marcus Troy Reum seeks to challenge a future sentence of the Kitsap County District Court. (Pet. (dkt. # 4) at 1-2, 6.) Following a review of Petitioner's proposed habeas petition, and the balance of the record, the Court concludes that Petitioner's habeas petition (dkt. # 4) should be DISMISSED without prejudice and that a certificate of appealability should be DENIED as to all claims.

## II.    BACKGROUND

It appears from the proposed petition that Petitioner intends to seek relief pursuant to § 2254 with respect to charges currently pending in the Kitsap County District Court. (*See* Pet. at

REPORT AND RECOMMENDATION - 1

1-2, 6.) This Court's review of Kitsap County District Court records shows that Petitioner was charged in Kitsap County District Court in 2021 with obstruction of a law enforcement officer, unlawful carry of a concealed pistol without permit, and driving with a suspended license in the third degree. *See State of Washington v. Reum*, Kitsap County District Court Case No. 23318201.[1]

In his petition, Petitioner indicates that he is serving a sentence from the Gig Harbor Municipal Court relating to a 2019 conviction for driving under the influence ("DUI"), but appears to note a future sentencing date of March 13, 2023, with respect to his Kitsap County District Court charges. (*See* Pet. at 1.) Petitioner alleges that "Defendants exceeded and continue to exceed their legal and lawful authority[] by refusing to acknowledge [Petitioner's] status as an Idahoan American National . . . entitled to protections under the Sovereign Immunities Act." (*Id.* at 2.) Petitioner further alleges that a previous plea that he took with respect to his 2019 DUI conviction was coerced, such that Petitioner "was the victim of Hate Crimes committed by the prosecutor and judge, all due process rights ignored, as were all special appearances and demands that they prove jurisdiction on the record before proceeding, produce a victim, and proceed according to common law." (*Id.*)

In sum, Petitioner's habeas petition appears to raise multiple legally unsupportable claims premised on various sovereign citizen theories. (*See* Pet at 2-7.) Petitioner's first ground for relief alleges that "no valid contract exists with any corporate agency or Defendant because all Defendants failed to respond to private correspondence when they had a duty to," that "Defendants" are coercing Petitioner into taking a plea deal, that "[Petitioner] is immune, without an injured party," that all cases against Petitioner are "admiralty/maritime in nature," and

---

[1] Available at: https://ecourt1.kitsapgov.com/docs/23318201/CRIMINAL%20COMPLAINT%2002-05-2021.pdf (last accessed March 16, 2023).

REPORT AND RECOMMENDATION - 2

that "[Petitioner] is now an American National, not a U.S. Citizen, has not waived his sovereignty and retained all rights." (*Id.* at 6.) Petitioner's second ground for relief appears to take issue with his counsel's failure to inform him of the "nature and cause of the admiralty action," that a habeas remedy was available to him, and that his counsel "stood to gain financially post-conviction." (*Id.*)

Under his third ground for relief, Petitioner asserts that all various cases in Washington State "bearing the entity Marcus Troy Reum" are fraudulent because "no minimum contacts these administrative courts were relying on to try and establish jurisdiction were/are in place." (Pet. at 6.) Petitioner's fourth ground for relief claims that "[Petitioner] is a foreign American National who is immune from prosecution without a damage(sic) party with an injury. (*Id.* at 7.) Petitioner requests several forms of relief, including for a trial by jury as his "schedule and medical issues allow," that all "agencies" cease and desist, settle, dismiss with prejudice, return all funds and firearms, and award damages and fees stemming from his Kitsap County District Court charges, that a permanent injunction be entered in favor of Petitioner, and that he be appointed as a federal marshal. (*Id.*)

### III. DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule 4") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). In this case, this Court lacks jurisdiction to consider Petitioner's habeas petition as he has failed to name a

REPORT AND RECOMMENDATION - 3

proper respondent. However, even if Petitioner had named a proper respondent, it is clear from the face of his petition that Petitioner is not entitled to habeas relief in this Court.

Petitioner identifies the State of Washington as the Respondent in his petition. A petitioner seeking federal habeas relief must name the state officer having custody of him as the respondent to the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id.* Petitioner has not named his current custodian as the Respondent in this action and his failure to do so deprives this Court of personal jurisdiction. *See Stanley*, 21 F.3d at 360.

To the extent Petitioner is awaiting adjudication of pending criminal charges in the Kitsap County District Court, Petitioner's habeas petition is also subject to dismissal pursuant to the *Younger* abstention doctrine or for failure to exhaust state court remedies. Generally, federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

To obtain relief under § 2254, a petitioner must also demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v.*

REPORT AND RECOMMENDATION - 4

1  *Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide
2  the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must
3  "fairly present" his claims to each appropriate state court for review, including a state supreme
4  court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing
5  *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845
6  (1999)). A federal court must dismiss a federal habeas petition if its claims are
7  unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

8      Here, the proposed habeas petition appears subject to dismissal under *Younger* because
9  Petitioner is essentially asking this Court to intervene in his pending criminal proceedings before
10 the Kitsap County District Court. Petitioner's petition does not reveal any extraordinary
11 circumstances that would justify this Court's intervention in any ongoing state court criminal
12 proceedings at this time. Furthermore, given that Petitioner's charges remain pending, it is clear
13 Petitioner has not yet exhausted any of his state court remedies with respect to the grounds for
14 relief asserted in his habeas petition. Petitioner must raise any claims contained in his habeas
15 petition to the appropriate Washington state courts first before those claims are eligible for
16 federal habeas review.

17     Finally, even assuming Petitioner's habeas claims are somehow proper and ripe for
18 adjudication in this Court, Petitioner has not identified any cognizable claim for habeas relief in
19 his petition. The Court observes that Petitioner has previously raised, in this Court and other
20 federal district courts, many of the same arguments regarding his 2019 prosecution by the City of
21 Gig Harbor for DUI and/or his current prosecution by Kitsap County. *See Reum v. State of*
22 *Washington, et al.*, C23-5074-DGE, dkt. # 5 at 5-6 (W.D. Wash. 2023).
23

In December 2019, Petitioner filed a proposed 42 U.S.C. § 1983 complaint along with other various motions in this Court against the City of Gig Harbor, a Gig Harbor Municipal Court Judge, and a Gig Harbor prosecutor alleging multiple claims arising from his arrest, prosecution, and sentence for his 2019 DUI conviction. *See Reum v. Olbertz, et al.*, C19-6177-RJB, dkt. # 1 (W.D. Wash. 2019). Petitioner's case was dismissed without prejudice in February 2020 after he failed to amend upon notice of deficiencies. *Id.*, dkt. # 6. In July 2022, Petitioner filed a motion to re-open that case, which was dismissed for failure to state a claim upon which relief could be granted. *Id.*, dkt. # 11.

In January 2021, Petitioner filed a petition for a writ of mandamus challenging the jurisdiction of the Gig Harbor Municipal Court with regard to his 2019 criminal prosecution, as well as the voluntariness of his plea agreement for his DUI conviction. *Reum v. Gig Harbor Municipal Court*, C21-5072 BHS-JRC, dkt. # 1 (W.D. Wash. 2021). Petitioner's petition in that case was dismissed with prejudice after Petitioner failed to amend. *Id.*, dkt. # 12. In July 2022, Petitioner filed a "motion for bailment replevin" in that case, which was also dismissed. *Id.*, dkt. # 11.

In July 2021, Petitioner filed a petition for a writ of mandamus and a motion to quash warrant and show cause in the United States District Court for the District of Montana. *Reum, et al. v. Reum, et al.*, C21-80-DWM, dkt. ## 1, 9 (D. Mont. 2021). In his motion to quash warrant and show cause in that case, Petitioner raised similar claims and jurisdictional challenges concerning his current prosecution by Kitsap County, and his previous prosecution by the City of Gig Harbor, that now appear to generally form the grounds and basis of his habeas petition. *See id.*, dkt. # 9. Petitioner's petition in that case was dismissed with prejudice in August 2021. *Id.*, dkt. # 10.

REPORT AND RECOMMENDATION - 6

As explained above, Petitioner's grounds in his habeas petition are all centrally premised on various sovereign citizen theories regarding Kitsap County's lack of jurisdiction to prosecute him. (*See* Pet at 2-7.) As recognized by the Honorable David G. Estudillo in another action recently brought by Petitioner, such arguments are frivolous and "utterly meritless."[2] *See Reum*, C23-5074-DGE, dkt. # 5 at 2-4 (collecting cases); *see also e.g., Banks v. Florida*, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and finding that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time . . .").

Accordingly, the Court finds that Petitioner's habeas petition fails to set forth any cognizable claims for habeas relief and should be dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

---

[2] To the extent Petitioner might attempt to raise claims pursuant to § 1983 regarding the subject matter of his habeas petition, the Court notes that Petitioner has already been advised by Judge Estudillo that such claims have been considered by this Court and other district courts ending with a final judgment on the merits. *See Reum*, C23-5074-DGE, dkt. # 5 at 6. Accordingly, *res judicata* serves as a bar to Petitioner's success on any potentially related § 1983 claims. *See id.* (citing *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992)).

U.S. 322, 327 (2003). Under this standard, the Court recommends that a certificate of appealability be denied as to all claims.

## V.   CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's habeas petition (dkt. # 4), and this action, be DISMISSED without prejudice, and that a certificate of appealability be DENIED as to all grounds for relief. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 7, 2023.**

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable David G. Estudillo.

Dated this 16th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge